# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MALIBU MEDIA, LLC,** : | CIVIL ACTION NO. 3:15-1704 |
| **Plaintiff** : | |
| | (JUDGE MANNION) |
| v. : | |
| **JOHN DOE subscriber assigned** : | |
| **IP address 73.52.66.49,** | |
| : | |
| **Defendant** | |
| : | |

## **MEMORANDUM**

### I. Introduction

Presently before the court is an *ex parte* Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference (Doc. 4) filed by the Plaintiff, Malibu Media, LLC. After considering the Plaintiff's Memorandum of Law in Support of the Motion (Doc. 5), this court will **GRANT** the motion, subject to the conditions set forth below.

### II. Background

On September 1, 2015, Plaintiff filed a complaint alleging copyright infringement of various films it created and distributed online against

Defendant, an unnamed Internet subscriber assigned with the IP address 73.52.66.49. Plaintiff asserts the following facts in its complaint (Doc. 1), motion for expedited discovery (Doc. 4), and memorandum of law in support thereof (Doc. 5). The court accepts the allegations as true for purposes of this motion, without making any findings of fact. Plaintiff alleges that Defendant downloaded, copied, and distributed Plaintiff's films by using the online BitTorrent file distribution network, "one of the most common peer-to-peer file sharing systems used for distributing large amounts of data" (Doc. 1 at ¶ 11). The technology at issue in this case has been explained in detail by numerous other courts and need not be repeated herein. See, e.g., Malibu Media LLC v. Doe, No. 1:15-cv-01129, 2015 WL 3795948, at *1 (M.D. Pa. June 18, 2015); Modern Woman, LLC v. Does I-X, No. 2:12-cv-04858, 2013 WL 888603, at *1 (D.N.J. Feb. 27, 2013). Possessing only an IP address, Plaintiff contends that it needs discovery from third party internet service provider, Comcast Cable ("Comcast" or the "ISP"), in order to identify Defendant so that it may serve the complaint upon Defendant, prevent Defendant from continuing to infringe Plaintiff's copyrighted works, and seek redress for the illegal downloading and distribution of its films (Doc. 5).

## III. Legal Standard

Pursuant to Rule 26(d)(1), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except in certain circumstances not applicable here, or "by court order." Absent binding precedent setting forth the standard for when a court may order discovery prior to the Rule 26(f) conference, this court has looked to other district courts for guidance. When confronted by similar motions for expedited discovery to help identify the defendant(s) in copyright infringement cases, courts have employed a "good cause" standard. See, e.g., Malibu Media, LLC v. John Does 1-18, No. 1:12-cv-07643, 2013 U.S. Dist. LEXIS 155911, at *3 (D.N.J. Mar. 22, 2013); Modern Woman, 2013 WL 888603, at *2. Under FRCP 26(b)(1), "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."

## IV. Discussion

Plaintiff asserts that during the course of investigation, it obtained the IP address of Defendant, and that Comcast has information in its possession that will enable it to identify Defendant using the IP address. Specifically, Plaintiff seeks to serve a subpoena on Comcast pursuant to Rule 45 to solicit

3

Defendant's name and address. Plaintiff argues there is no other way to obtain that information (Doc. 5 at 10).

This court finds that Plaintiff has adequately established that good cause exists for serving a third party subpoena prior to the Rule 26(f) conference. Plaintiff seeks the name and address associated with the IP address 73.52.66.49, which was purportedly used to illegally distribute copyrighted works. The information that Plaintiff seeks is relevant to its claims, as the information is "reasonably calculated to lead to the discovery of admissible evidence [at trial]" under Rule 26(b)(1) and may assist Plaintiff in identifying Defendant. The Plaintiff's only means of identifying Defendant is through discovery from Comcast, and hence it is the sole means to serve Defendant with the complaint and pursue its claims. In addition, the court notes that pursuant to 47 U.S.C. §551(c)(2)(B), a cable provider may disclose such personally identifiable information if such disclosure is "made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."

Given the *ex parte* nature of the application, the court finds it prudent to impose conditions on Plaintiff's requested relief, "in an effort to fashion a remedy that will ensure that the rights of all parties are adequately protected."

4

Modern Woman, 2013 WL 707908, at *5. Several district courts have fashioned similar limitations in cases such as this, where plaintiff moves for expedited discovery to identify a John Doe defendant. See Malibu Media LLC v. Doe, 2015 WL 3795948, at *3; Malibu Media, 2013 U.S. Dist. LEXIS 155911, at *11; Modern Woman, 2013 WL 888603, at *5; Next Phase Distribution, Inc. v. John Does 1-27, 284 F.R.D. 165, 172 (S.D.N.Y. 2012).

Accordingly, the court will grant Plaintiff's motion, subject to the conditions outlined below:

1. Plaintiff may serve a Rule 45 subpoena upon the ISP for the purpose of obtaining information necessary to identify the individual assigned with the IP address 73.52.66.49 (the "John Doe Defendant"), specifically his or her name and address. The subpoena shall have a copy of the order attached;

2. The ISP will have fourteen (14) days from the date of service of the Rule 45 subpoena to serve the John Doe Defendant with a copy of the subpoena and a copy of the order. The ISP may serve the John Doe Defendant using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service;

3. The John Doe Defendant shall have fourteen (14) days from the date

of service of the Rule 45 subpoena to file any motions with this court contesting the subpoena (including a motion to quash or modify the subpoena). The ISP may not turn over the John Doe Defendant's identifying information to Plaintiff before the expiration of this 28 day period. Additionally, if the John Doe Defendant or ISP files a motion to quash the subpoena, the ISP shall not produce any information to Plaintiff until the court issues an order instructing the ISP to resume production of the requested discovery. If the John Doe Defendant moves to quash or modify the subpoena, the John Doe Defendant shall contemporaneously notify the ISP so that the ISP is on notice not to release the John Doe Defendant's contact information to Plaintiff until the court rules on any such motion;

4. If the 28 day period lapses without the John Doe Defendant or ISP contesting the subpoena, the ISP shall have fourteen (14) days to produce the information responsive to the subpoena to Plaintiff;

5. The ISP shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash;

6. Any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of litigating the instant case.

## V. Conclusion

It is for the foregoing reasons that the court **GRANTS** the motion (Doc. 4), subject to the conditions above. An appropriate order shall follow.

                                                s/ *Malachy E. Mannion*
                                                **MALACHY E. MANNION**
                                                **United States District Judge**

**Date: September 30, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1704-01.wpd