# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MALIBU MEDIA, LLC,** : | **CIVIL ACTION NO. 3:15-1704** |
| **Plaintiff** : | |
| | **(JUDGE MANNION)** |
| v. : | |
| **JOHN DOE subscriber assigned** : | |
| **IP address 73.52.66.49,** | |
| : | |
| **Defendant** | |
| : | |

# ORDER

For the reasons set forth in the Memorandum of this date, **IT IS HEREBY ORDERED THAT** the court **GRANTS** Plaintiff's Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference (Doc. 4), subject to the conditions below:

1. Plaintiff may serve a Rule 45 subpoena upon the third party internet service provider Comcast Cable (the "ISP"), for the purpose of obtaining information necessary to identify the individual assigned with the IP address 73.52.66.49 ("John Doe Defendant"), specifically his or her name and address. The subpoena shall have a copy of this order attached;

2. The ISP will have fourteen (14) days from the date of service of the Rule 45 subpoena to serve the John Doe Defendant with a copy of the subpoena and a copy of this order. The ISP may serve the John Doe Defendant using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service;

3. The John Doe Defendant shall have fourteen (14) days from the date of service of the Rule 45 subpoena to file any motions with this court contesting the subpoena (including a motion to quash or modify the subpoena). The ISP may not turn over the John Doe Defendant's identifying information to Plaintiff before the expiration of this 28 day period. Additionally, if the John Doe Defendant or ISP files a motion to quash the subpoena, the ISP shall not produce any information to Plaintiff until the court issues an order instructing the ISP to resume production of the requested discovery. If the John Doe Defendant moves to quash or modify the subpoena, the John Doe Defendant shall contemporaneously notify the ISP so that the ISP is on notice not to release the John Doe Defendant's contact information to Plaintiff until the rules on any such motion;

4. If the 28 day period lapses without the John Doe Defendant or ISP contesting the subpoena, the ISP shall have fourteen (14) days to produce the information responsive to the subpoena to Plaintiff;

5. The ISP shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash;

6. Any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of litigating the instant case.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: September 30, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1704-01-ORDER.wpd

2